QUEEN INCUBATOR COMPANY, APPELLEE, V. CHARLES E. BYERS ET AL., APPELLANTS.

FILED OCTOBER 20, 1923. No. 22512.

**Appeal:** REQUESTED INSTRUCTION. When a defendant submits an instruction covering his theory of the case to the trial court, which is adopted by the court and given to the jury, and the jury returns a verdict for the plaintiff, the verdict will be upheld if there is sufficient competent evidence in the record to sustain it. *Held,* that the evidence sustains the verdict.

APPEAL from the district court for Adams county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*James & Danly,* for appellants.

*Bruckman & Paulson,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN, DAY and GOOD, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

This is an action brought by plaintiff against defendants to collect a balance due for merchandise sold and delivered by plaintiff to defendant; the amount originally due was $2,197.52. Of this sum defendants have paid $1,867.90. Plaintiff was the manufacturer of incubators and accessories, and defendants were dealers in lumber and commodities generally carried in that line of trade. The receipt of the merchandise is not denied, nor is any complaint made of the amount at which it was billed by plaintiff, but the answer alleges that, under the agreement between plaintiff and defendants, plaintiff obligated itself not to sell at retail incubators in the territory adjacent to defendants' lumber yards, and that plaintiff violated this agreement. And because of this alleged violation of the agreement, defendants refused to pay the full amount demanded by plaintiff, but did send to plaintiff a check in the sum of $1,867.90, to-

gether with a statement that said sum must be accepted as full payment of the amout due or the check returned. It is also alleged that plaintiff accepted the check, collected in cash the face thereof, and that by reason thereof plaintiff is estopped from demanding any additional sum. The cause was tried to a jury and at the conclusion of the evidence defendants requested, and the court gave, the following instruction:

"Under the pleadings and the evidence in this case there is but one issue to determine, and that is in regard to the tender and acceptance of the check in dispute.

"Hence, you are instructed, gentlemen of the jury, that under the laws of the state of Nebraska, where there is a *bona fide* dispute between the parties, plaintiff and defendant, as to the amount due on an account, and the debtor tenders to the creditor a less amount than due, in full settlement of the debt, and the creditor, knowing that the same is tendered in full settlement, accepts the same, the same is a settlement in full of said debt. If you find from the evidence that the defendants in this action tendered to the plaintiff a sum less than claimed by plaintiff, and tendered the same in full settlement of the account, and that the plaintiff knew that the same was tendered in full settlement of the account, and accepted the same, then and in that case it would be your duty to find in favor of the defendants and against the plaintiff; provided, however, that you find that there was a *bona fide* controversy existing between the parties as to the amount due at the time said check was accepted. On the other hand, if you find that no *bona fide* controversy between the parties existed at the time said check was accepted by plaintiff, then you should find for the plaintiff."

The jury returned a verdict for plaintiff, on which the court entered judgment, and defendants appeal.

It is alleged that the verdict is not sustained by the evidence, and is contrary to law and to the instruction given. Defendants having requested the instruction,

it will be assumed that it properly submits their theory of the case. There is a suggestion in the brief of appellee that the request for the instruction given constitutes an admission, in the absence of a request for a peremptory instruction, that there was sufficient evidence in the record to warrant the submission of the case to the jury. However, we think this point may be passed without discussion, for when we turn to the evidence furnished by the defendants we fail to find anything to support the contention that there was a *bona fide* dispute between the parties as to the amount due. One of the defendants admitted, upon the witness-stand, that the amount covered by the invoice was never in dispute, and that when the collector for a bank presented the bill he declined to pay, but said that defendants would pay "when they got ready," and in response to the direct question as to whether plaintiff had agreed to accept less than the full amount said, "I don't know that they ever did." It also appears that on receipt of the check plaintiff wired defendants that the check was received and would be applied on the account, and that defendants should pay the balance due within 48 hours. This gave defendants ample notice of the conditions on which the check was accepted and they might have stopped payment on the check had they so desired. On consideration of all the evidence, the jury might have found that there never was a *bona fide* dispute as to the amount due, or that there had never been an accord and satisfaction.

As the cause was submitted to the jury on defendants' theory of the law, and the evidence is amply sufficient to sustain the verdict, the judgment is

AFFIRMED.